UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60861-CIV-COHN/SELTZER

AUDEMARS PIGUET HOLDING SA;
BREITLING U.S.A., INC.; CHOPARD
(USA), LTD;  HENRI STERN WATCH
AGENCY, INC.; LVMH SWISS
MANUFACTURES, S.A.; HERMÈS
INTERNATIONAL; and OMEGA SA,

    Plaintiffs,

v.

CHINAONE886, et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunction [DE 8] ("Motion").  The Court has carefully reviewed the Motion, the supporting declarations and exhibits, and the record in this case.  The Court also heard oral arguments from Plaintiffs' counsel at a motion hearing held earlier today.  Although Defendants received sufficient notice of these proceedings, no Defendant responded to the Motion or appeared at the preliminary-injunction hearing.

**I.**     **Background**

On April 22, 2015, Plaintiffs filed this action against sixty-seven individuals, partnerships, and business associations.  See generally DE 1 (Compl.).  Plaintiffs allege that Defendants are selling goods bearing counterfeit and confusingly similar imitations of various registered trademarks owned by Plaintiffs ("Plaintiffs' Marks").  See id. ¶¶ 21, 27, 33, 39, 45, 51, 57, 63-66.  Plaintiffs thus have asserted the following claims against

Defendants:  (1) counterfeiting and infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) common-law unfair competition.  See DE 1 ¶¶ 75-94.

On April 27, 2015, Plaintiffs filed an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [DE 8], along with supporting Declarations and Exhibits [DE 9–DE 12].  The next day, the Court granted the Application for Temporary Restraining Order ("TRO"), including Plaintiffs' request for an Order Restraining Transfer of Assets.  See DE 13.  Based on strong evidence that Defendants are selling counterfeit and infringing versions of Plaintiffs' trademarked goods, the Court found that Plaintiffs had established all four requirements for a TRO:  (1) a substantial likelihood of success on the merits, (2) that Plaintiffs would suffer irreparable injury if a restraining order were not granted, (3) that the threatened injury to Plaintiffs outweighed the harm the relief would cause to Defendants, and (4) that entry of the order would serve the public interest.  See id. at 9-10; Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).[1]  Further, noting that Plaintiffs may be entitled to equitable recovery of Defendants' illegal profits, see 15 U.S.C. § 1117(a), the Court found that a temporary asset restraint was warranted because "Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained."  DE 13 at 11.

---

[1] Additionally, the Court determined that a TRO should issue without notice to Defendants because they could "easily and quickly transfer or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer their assets, thereby thwarting Plaintiffs' ability to obtain meaningful relief."  DE 13 at 9-10; see Fed. R. Civ. P. 65(b)(1).

In accordance with these findings, the Court temporarily restrained Defendants and associated persons from using infringing versions of Plaintiffs' Marks in connection with their products and e-commerce stores.  See DE 13 at 11-12.  The Court also ordered PayPal, Inc., ("PayPal") to restrain funds in payment accounts associated with Defendants and to transfer those funds to a holding account.  See id. at 13.  More, the Court required Plaintiffs to post a bond of $10,000 and, after Defendants' PayPal accounts were restrained, to promptly serve the Complaint, the Motion, and the TRO upon Defendants through their known e-mail addresses and a webpage containing the case filings.  See id. at 14-15.[2]

In the TRO, the Court also set a hearing on Plaintiffs' Motion for Preliminary Injunction and directed Defendants to file and serve any Response to the Motion no later than May 5, 2015.  See DE 13 at 15.  The Court cautioned Defendants that "if they do not timely respond to Plaintiffs' Motion for Preliminary Injunction and do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default."  Id. (emphasis omitted).

As noted above, Defendants neither responded to the Motion nor appeared at today's hearing.  Before the hearing, Plaintiffs identified four witnesses who had submitted written declarations in support of the Motion.  See DE 16.  Because Defendants did not appear at the hearing, however, Plaintiff relied on the witnesses' declarations in lieu of live testimony.

---

[2]  Plaintiffs have complied with the bond and service requirements.  See DE 15 (Notice of Filing Bond); DE 17–18 (Certificates of Service).

## II.     Discussion

The preliminary injunction Plaintiffs seek would maintain the relief granted in the TRO until this case is decided on the merits.  The requirements for issuing a preliminary injunction are the same as those for entering a TRO, namely, "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo, 403 F.3d at 1225-26.  Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (internal quotation marks omitted); see McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).  Unlike a TRO, a preliminary injunction requires notice to the adverse party and a hearing.  See Fed. R. Civ. P. 65(a).

Here, Plaintiffs are substantially likely to succeed on the merits of their claims. Plaintiffs have offered clear evidence that Defendants are selling goods bearing unauthorized, infringing copies of Plaintiffs' Marks, thereby confusing the public about the origin of those goods.  See 15 U.S.C. §§ 1114, 1125(a).  Allowing Defendants to continue this illegal conduct would cause irreparable harm to Plaintiffs by reducing sales of their genuine trademarked goods and by depriving Defendants of the reputation and goodwill associated with those products.  And because Defendants have no right to sell counterfeit and infringing goods, the balance of harms strongly favors Plaintiffs.  Last, halting Defendants' conduct—which involves the sale of illicit goods through unlawful means—serves the public interest.  Plaintiffs have therefore clearly

proven all four requirements for a preliminary injunction.  See Schiavo, 403 F.3d at 1225-26; Church, 30 F.3d at 1342.

Although Defendants have been given notice of the Motion and an opportunity to respond, they have made no effort to rebut Plaintiffs' evidence warranting a preliminary injunction.  The Court thus concludes that Plaintiffs' Motion should be granted.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Preliminary Injunction [DE 8] is **GRANTED** as to all Defendants;

2. All provisions of the Court's Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order [DE 13], incorporated by reference in this Order, shall remain in effect as to all Defendants while this case is pending or until the Court orders otherwise; and

3. Plaintiff shall promptly serve a copy of this Order on Defendants through the means specified in paragraph 14 of the Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of May, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF